UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF OREGON

JEROD LEE JONES,                                             6:14-cv-1624-TC

                 Plaintiff,

                                                                    ORDER

       v.

Commissioner of Social Security,

                             Defendants.

COFFIN, Magistrate Judge:

       Plaintiff brings this proceeding to obtain judicial review of the Commissioner's final decision denying plaintiff's application for disability insurance benefits and supplemental security income benefits.

       Plaintiff asserts disability beginning February 27, 2006,[1] due to a back injury. After a hearing, an administrative law judge (ALJ) determined that plaintiff is not disabled. Plaintiff contends that the ALJ erred in: (1) assessing plaintiff's credibility (2) failing to develop the record; (3) assessing medical opinion; (4) assessing witness testimony; and in (5) determining plaintiff's

---

[1] At a hearing held on February 22, 2013, plaintiff amended his alleged onset date to January 1, 2011.

Page 1 - ORDER

residual functional capacity (RFC). Plaintiff also contends that the Appeals Council failed to consider new evidence.[2]

A.  Credibility

Plaintiff asserts that he hurt his back when moving furniture in December of 2010. Tr 39.[3] As a result, plaintiff asserts he can only walk/sit for about 15 minutes and that he has episodes where he stands up and his legs will give out and he will be bedridden for a week to a month. Tr. 43-45. Plaintiff states that he only takes ibuprofen to manage his pain and that when he does, his pain level runs at a seven out of ten, but that he is in constant pain.[4] Tr. 45-46. The ALJ found plaintiff's allegations of disability unsupported and that he is only partially credible. Tr. 17-18.

The ALJ found plaintiff's symptoms were disproportionate to the objective and clinical findings. Tr. 16-17. The ALJ noted the routine and conservative nature of treatment for plaintiff's impairments. Tr. 17. The ALJ also noted that although Dr. Curtis Hill recommended another laminectomy in March of 2012, in August of 2012 plaintiff decided he did not want surgery. Tr. 17; 469 (Hill states plan is to do a lumbar laminectomy diskectomy at L5-S1 from the right); 491 (Hill

---

[2]Plaintiff has also submitted voluminous medical records and other materials to this court that are not part of the record before the Commissioner. Plaintiff does not sufficiently explain how these records are material to the disability determination during the period under review by the ALJ. Plaintiff merely offers a conclusion that the documents "show a history of medical mismanagement and document numerous complaints by plaintiff about continued pain subsequent to back surgery." Reply (#35) at p. 2. Accordingly, plaintiff fails to show how the additional material provide a basis for a remand.

[3]Plaintiff initially hurt his back in 2006 requiring surgery, but was working as a babysitter at the time of the new injury in 2010. Tr. 39, 40-41.

[4]Plaintiff did state that he had an epidural steroid shot and that he hasn't had a bedridden episode since. Tr. 45.

Page 2 - ORDER

notes that patient has decided he does not want surgery and can proceed with workers comp claim closure and disability determination). The ALJ discussed the fact that plaintiff only takes ibuprofen and occasionally took some muscle relaxants and noted that it suggests pain that is not as severe as claimed. Tr 17-18. The ALJ also noted that while plaintiff told his doctor that he did not feel that steroid injections helped, he stated at the hearing that he had not had episodes of severe pain since he received the injection. Tr. 18; 45 (no bedridden pain since injection); 491 (In February of 2012 plaintiff told Dr. Hill that steroid injection did not help). Finally, the ALJ noted that plaintiff helps care for his wife's grandmother who has dementia a couple of hours per day, checks his e-mail five times a day, prepares food daily, pays his own bills, and goes to church on a regular basis. Tr. 18; 43.

Plaintiff's statement of constant pain at a level of seven or higher and episodic need for weeks-long bed rest is contradicted by his ability to help care for his wife's grandmother for two hours a day. Plaintiff also demonstrated credibility issues with regard to his statements about the steroid injections. Where a plaintiff's allegations of disabling pain are contradicted by his daily activities, the ALJ may appropriately discount those allegations. See Fair v. Bowen, 885 F.2d 597, 603 (9th Cir. 1987) (activities that contradict testimony permit adverse credibility finding).

The ALJ also appropriately relied on the lack of medical treatment. See id. (unexplained, or inadequately explained, failure to seek treatment or follow a prescribed course of treatment permits adverse credibility determination). While plaintiff implies in his briefing that he could not get surgery because his insurance would not pay for it, his citations to the record merely note one instance on February 13, 2012, in which Dr. Hill noted that plaintiff "is apparently having some

Page 3 - ORDER

problems with insurance in terms of whether surgery is going to be authorized." (Tr. 470).[5] But plaintiff's follow-up with Dr. Hill simply shows that plaintiff decided that he does not want surgery. Tr. 491; See also Tr. 509 (April 2013 exam by Dr. Kellogg in which Kellogg recommends microdiskectomy and plaintiff stated he is currently not interested in pursuing surgical intervention). Plaintiff, despite his complaint of constant severe pain, has only sought minimal treatment and generally only uses over the counter medications to treat it. The ALJ provided clear and convincing reasons in discrediting plaintiff's testimony and statements, and did not err in rejecting plaintiff's allegations of disabling pain.[6]

B.  Develop the Record

Plaintiff again takes issue with the ALJ's assessment of his credibility and this time argues that there may be a functional overlay to his experience of pain. Plaintiff contends that his counsel, during the administrative proceedings, requested additional mental health assessments, but that the ALJ failed to obtain a consultative psychological evaluation.

The only suggestion in the record, that plaintiff points to, of psychological issues impacting plaintiff's pain is Dr. Thomas Rosenbaum's statement that plaintiff's range of motion findings are not

---

[5]Plaintiff also cites a portion of the record in which his attorney argues to the Appeals Council that the ALJ failed to inquire as to the reasons for plaintiff's refusal to have surgery. Tr. 328. However, here again, plaintiff fails to offer an adequate explanation as to his refusal of anything beyond minimal medical treatment despite allegations fo extreme disabling pain,.

[6]Plaintiff also asserts that his entire treating team never indicated that plaintiff was exaggerating or lying in his self-reported symptoms, but the portion of the record he cites, a physical capacities evaluation, indicates that on October 22, 2012, plaintiff declined surgery and the results the evaluation demonstrate an ability to perform full time work at the medium range of physical activity. Tr. 502. In addition, the evaluator specifically noted, "Concern, if surgery is warranted, why has he chosen not to have it done." Id.

Page 4 - ORDER

valid because while he has straight leg raising of 30 degrees, "in the distracted position ... straight leg raising is 90 degrees" suggesting a functional overlay. Tr. 498. However, plaintiff never alleged a mental impairment. Plaintiff makes no viable claim of mental impairment and the ALJ's failure to evaluate psychological issues is, thus, not error. Cf. Gutierrez v Apfel, 199 F.3d 1048, 1051 (9th Cir. 2000) (failure to evaluate alleged mental disorder does not require reversal where there is no viable claim of mental impairment).

An ALJ's duty to develop the record further is triggered only when there is ambiguous evidence or when the record is inadequate to allow for proper evaluation of the evidence. Tonapetyan v. Halter, 242 F.3d 1144, 1150 (9th Cir. 2001). It is plaintiff's duty to prove that he is disabled. 42 U.S.C. § 423(d)(5) (An individual must furnish medical evidence and other evidence of a disability. An individual's statement as to pain or other symptoms shall not alone be conclusive evidence of disability without medical signs and findings, established by medically acceptable clinical or laboratory diagnostic techniques, which show the existence of a medical impairment that results from physiological or psychological abnormalities). The Commissioner will only consider impairments a claimant says he has. 20 C.F.R. § 404.1512(a). Not only did plaintiff fail to allege any psychological issues in his application for disability, he specifically denied problems with memory, completing tasks, concentration, understanding, following instructions, and getting along with others. Tr. 265. The ALJ did not err in regard to developing the record vis-a-vis any ostensive mental impairment contributing to plaintiff's experience of pain. Indeed, plaintiff fails to explain how any professed functional overlay would lead him to experience pain beyond what the objective medical evidence suggest while at the same time he refuses surgery. As noted above, the ALJ provided clear and convincing reasons for rejecting plaintiff's credibility regarding his symptoms of

disabling pain.

C.  Medical Opinion

Plaintiff asserts the ALJ failed to discuss the medical evidence of Margaret Lang Smith, PA-C; improperly rejected the opinion of Dr. Rosenbaum; and failed to note aspects of Dr. Hill's reports.

The ALJ did discuss the medical record and need not discuss all evidence presented. Plaintiff faults the ALJ for failing to discuss a chart note from Physician Assistant Smith in which she notes general vitals and repeats plaintiff's subjective complaints. Tr. 473. As noted above, the ALJ appropriately found plaintiff's subjective complaints to lack credibility. An ALJ may reject medical opinion to the extent it relies on subjective complaints. Tommasetti v. Astrue, 533 F.3d 1035, 1041 (9th Cir. 2008) (An ALJ may reject a treating physician's opinion if it is based "to a large extent" on a claimant's self-reports that have been properly discounted as incredible).

Plaintiff notes that Dr. Rosenbaum determined that plaintiff's prognosis is poor and does not have a correctable pathology. Tr. 499. The ALJ generally accepted Dr. Rosenbaum's assessment, but appropriately determined that opinion about poor prognosis was based on plaintiff's subjective complaint, Tr. 19, and rejected it.

Plaintiff also notes that Dr. Hill noted objective symptoms and suggested another laminectomy to correct a large herniation to relieve pain. Tr. 463-65, 468-69. However, as noted, the ALJ found plaintiff's unexplained refusal to undertake the surgery undercut his credibility regarding pain symptoms.

In his reply brief, plaintiff addresses the opinion of Dr. Donald Ramsthel as showing an

ability to perform less than Sedentary work. Reply (#25) at p. 6, Tr. 460.[7] Here again, however, the ALJ appropriately discounted the opinion to the extent it was based on plaintiff's subjective complaints. Tr. 18.

The ALJ did not err with respect to medical opinion.

D.  Witness Testimony

Plaintiff argues the ALJ improperly discredited Gabrielle Barnett's third party statement. Plaintiff's friend, Gabrielle Barnett, described plaintiff's inability to walk long distances, or stand for more than a few minutes. Tr. 239. The ALJ found some of Barnett's statements credible but determined that the statements regarding limitations in function to lack credibility because they were based on plaintiff's subjective complaints. Tr. 19. The ALJ also found that the assigned RFC was supported by the medical evidence. As noted above, assessments of limitations largely based on plaintiff's own discredited subjective complaints may be rejected. In addition, lay testimony may be discounted where it is inconsistent with the medical record. Bayliss v. Barnhart, 427 F.3d 1211, 1218 (9th Cir. 2005).

E.  Residual Functional Capacity

Plaintiff argues that the ALJ failed to incorporate all of his limitations in the RFC including those identified by his own statements, treating medical sources and those of third party witnesses. However, as noted above, the ALJ appropriately discounted such limitations.

---

[7] Oddly, plaintiff here again cites an actual physical capacities evaluation in which the evaluator determined plaintiff is capable of full time work in the medium range of physical demand. Tr. 502.

Page 7 - ORDER

F.    New Evidence

Plaintiff submitted additional evidence, post decision, to the Appeals Council from Dr. Kellogg. Tr. 508-09 (April 2013 exam noting a large disk herniation, but that plaintiff is not interested in pursuing surgery).

When the Appeals Council denies review, the decision of the ALJ is the final decision. Russell v. Brown, 856 F.2d 81, 83–84 (9th Cir. 1988). However, any new evidence considered by the Appeals Council in denying the request for review becomes part of the administrative record for review by this court. See Ramirez v. Shalala, 8 F.3d 1449, 1452 (9th Cir. 1993); see also Harman v. Apfel, 211 F.3d 1172, 1179–80 (9th Cir. 2000) (the court may properly consider the additional materials because the Appeals Council addressed them in the context of denying appellant's request for review). To justify a remand, the claimant must show that the new evidence is material, i.e., that there is a reasonable possibility that the new evidence would have changed the outcome of the administrative hearing. Mayes v. Massanari, 276 F.3d 453, 462 (9th Cir.2001.) Additionally, new evidence will be considered only if it relates to the period on or before the date of the administrative law judge hearing decision. 20 C.F.R. § 416.1476(b).[8]

The new medical evidence showing an apparently larger disk extrusion at the same L5-S1 location already noted to require surgery, does not disrupt the ALJ's decision because the ALJ already determined that plaintiff's refusal to have surgery suggested that his pain was not as debilitating as alleged. The new evidence shows that plaintiff is still not interested in pursuing surgery. Thus, in considering this new evidence, which was made part of the record by its

---

[8]To the extent plaintiff suggests the chart note shows a significant worsening of his condition, it is dated after the period under review.

Page 8 - ORDER

submission to and acceptance by the Appeals Council, along with the remainder of the record as whole, it does not impact the ALJ's decision.

## CONCLUSION

For the reasons stated above, the decision of the Commissioner is affirmed.

DATED this 5<sup>t</sup> day of November 2015.

THOMAS M. COFFIN
United States Magistrate Judge